UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-268-GFVT

WILLIAM DENNIS DUNNE                                                                                    PETITIONER

VS:                                   **MEMORANDUM OPINION AND ORDER**

HECTOR RIOS, JR. *Warden*                                                                          RESPONDENT

William Dennis Dunne, who is incarcerated in the United States Penitentiary Big Sandy ("USP Big Sandy") in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241  [Record No. 2].  He has paid the $5.00 filing fee [Record No. 5].

This matter is now before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action:  (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED RESPONDENT

The named respondent, Suzanne Hastings, is the former warden of USP-Big Sandy. The the new warden of USP -Big Sandy is Hector Rios, Jr. He is substituted as the respondent in this proceeding.

## CLAIMS

The petitioner claims that he was entitled to a parole hearing before the United States Parole Commission ("USPC") in either September or October, 2006. He claims that the denial of said hearing in either September or October, 2006, violated his right to due process. A claim of denial of due process would fall under the Fifth Amendment of the United States Constitution. He claims that knowing of his approaching transfer in August, 2006, the Bureau of Prisons ("BOP") could have and should have made a better effort to schedule his interim hearing around the hearing schedule for September, 2006, already in place at USP-Big Sandy. Petitioner complains that his recent transfer to USP-Big Sandy has created an unfair an unnecessary administrative delay in scheduling of his interim parole hearing.

## RELIEF REQUESTED

The petitioner seeks an interim USPC parole hearing under authority of 18 U.S.C. § 4208(h)(2) and 28 C.F.R. § 2.14(a)(1)(ii).

## DISCUSSION

The petitioner was directed to provide evidence of administrative exhaustion of his claims under 28 C. F. R. §2.26. *See* Order entered on December 8, 2006 [Record No. 4]. In his responsive filing [Record No. 6], the Petitioner attached several documents, two of which were

2

Memoranda from former USP-Big Sandy Warden Suzanne Hastings. These Memoranda were dated October 4, 2006 and October 31, 2006, respectively. In the October 31, 2006 Memorandum, Hastings informed the Petitioner that a USPC parole hearing had been arranged for "next available regularly scheduled docket, January, 2007." In light of this development, the petitioner's complaint about being denied an interim USPC hearing is moot.

Here, Dunne's transfer created an administrative event which could not be reconciled with the September, 2006 parole hearings which USP-Big Sandy had already scheduled in advance as early as July 31, 2006. Although some delay was caused by the fact that the Petitioner was transferred to USP-Big Sandy on August 18, 2006, the Court does not find that the delay was without justification or that it was so prejudicial as to amount to a denial of due process.

Case law in which prisoners have argued that delays in the scheduling of parole revocation hearings are helpful in this analysis. For instance, a parolee has the right to a revocation hearing within a reasonable time after he is taken into custody. *See Morrissey*, 408 U.S. 471, 488 (1972); *Ellis v. District of Columbia*, 84 F.3d 1413, 1421 (D.C.Cir.1996). Whether a delay violates due process depends on the length of and reasons for the delay. *See Ellis*, 84 F.3d at 1424. Delays of between 195 days and 33 months have been found to be unreasonable. *See Pate v. United States*, 277 F. Supp.2d 1, 5-6 (D.D.C.2003) (discussing cases).

In *White v. United States Parole Commission*, 2205 WL 3555494 (D.D.C. December 23, 2005), White was arrested for the parole violations on May 19, 2005. The USPC held the revocation hearing on September 29, 2005. In rejecting White's claim that he had been prejudiced by delay, the court responded as follows:

> "Hence, petitioner was in custody over four months before he was afforded a revocation hearing. This delay arguably might be considered unreasonable. But even assuming that the delay was excessive, to obtain habeas relief petitioner must show that prejudice resulted from the delay. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C.Cir.1983); *Allston* [*v. Gaines*], 158 F. Supp. 2d [76] at 81; *Crum v. U.S. Parole Comm'n*, 814 F. Supp. 1, 3 (D.D.C.1993). It is undisputed that petitioner had violated his parole. In fact, petitioner was found in violation of his parole based on his own admissions. . . . Petitioner therefore has not demonstrated the requisite prejudice."

*White*, 2005 WL 3555494, *2.

Here, the Petitioner complains about a four-month delay in the scheduling of his hearing (between September and January). While the delay was not to his liking, the Petitioner has not demonstrated actual prejudice from the delay. The record reveals a reason for the delay and it further reveals that the former Warden took steps to schedule the hearing for January, 2007.

While the Petitioner no doubt would have liked his interim hearing to have occurred four months earlier, the Supreme Court has explicitly rejected heightened judicial scrutiny of prison security policies. Rigorous scrutiny, the Court noted, is simply "not appropriate for consideration of regulations that are centrally concerned with the maintenance of order and security within prisons." *Thornburgh v. Abbott*, 490 U.S. 401, 409-10, 109 S. Ct. 1874 (1989). "Subjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration." *Turner v. Safley*, 482 U.S. at 89.

Prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. at 562. For this

reason, and because the delay was not prejudicial, the Court will not second guess the decision of USP-Big Sandy to schedule the interim hearing for January, 2007.

The instant petition will be dismissed as moot. The petitioner has been informed that his interim parole hearing has been scheduled for January, 2007. He has therefore received the relief requested when he filed this § 2241 proceeding. Accordingly, the Court will deny as moot the petitioner's "Motions for Expedited Review."[Record Nos. 3 and 7].

In the event that the petitioner is unhappy about the outcome of his interim parole hearing, he will need to thoroughly exhaust his USPC administrative remedies. The petitioner is advised that the administrative remedy available to a federal prisoner challenging an adverse parole decision is to file an appeal with the National Appeals Board under 28 C. F.R. § 2.26. *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir.2001). An appeal by a decision of the United States Parole Commission must be filed with the National Appeals Board within thirty (30) days of the date of entry of such decision that is the subject of the appeal. *Id*. Any action filed in district court concerning a USPC decision will be dismissed as premature unless the claims have been exhausted through § 2.26.[1]

## CONCLUSION

---

[1] Specifically, §2.26 provides that "[a] prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant . . ., rescind, deny or revoke parole . . . ." *See also Edwards v. Parker*, 52 F.3d 325, 1995 WL 222184, 2 (6th Cir.(Ky.) April 13, 1995) (". . . the district court properly found that Edwards had failed to exhaust his available administrative remedies before filing a §2241 suit. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). The United States Parole Commission has specific regulations which require exhaustion, *see* 28 C.F.R. §2.26 (1992), and it is apparent from the record that the Commission was still considering a parole revocation hearing for Edwards at the time this §2241 petition was filed."); *Stanko v. Story*, 928 F.2d 1133, 1991 WL 42251, **2 (6th Cir. (Ky.) March 28, 1991) ("Stanko must appeal the formal decision denying his parole to the National Appeals Board before he can obtain habeas relief in federal court. *See* 18 U.S.C. §4215.").

5

In light of the foregoing, it is hereby **ORDERED** as follows:

(1)     Hector Rios, Jr. is substituted as the respondent in this proceeding.

(2)     The petitioner's "Motions for Expedited Review"[Record Nos. 3 and 7] are **DENIED**;

(3)     This action (06-CV-268-GFVT) is **DISMISSED**, *sua sponte*, without prejudice.

(4)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

This 29th day of December, 2006.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge